IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-cv-60279

**MUTTY PAWS RESCUE INC. and MUTTY PAWS RESCUE GEORGIA INC.,**

    Plaintiffs,

v.

**MUTTY PAWS, INC.,**

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, MUTTY PAWS RESCUE INC. and MUTTY PAWS RESCUE GEORGIA INC., by and through undersigned counsel, files this Complaint against Defendant, MUTTY PAWS, INC. pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and allege as follows:

## NATURE OF ACTION

1. This declaratory judgment action arises from a dispute between MUTTY PAWS RESCUE INC. and MUTTY PAWS RESCUE GEORGIA INC., against MUTTY PAWS, INC. This dispute relates to Plaintiffs' right to operate under as MUTTY PAWS RESCUE. MUTTY PAWS, INC. has alleged infringement and confusion of their trademarks that exist in Class 43 for boarding for animals; Kennel services, namely, boarding for pets; pet boarding services; pet day care services; pet hotel services, whereas Plaintiffs operate out of Class 45 for Animal rescue services, namely, arranging for the adoption of rescued animals.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff, MUTTY PAWS RESCUE INC, at all times material hereto, was a Florida nonprofit Corporation, engaged in the operation of an animal rescue in Florida.

3. Plaintiff, MUTTY PAWS RESCUE GEORGIA, INC., was at all material times hereto, a Georgia nonprofit Corporation, engaged in the operation of an animal rescue in Georgia.

4. Defendant, MUTTY PAWS, INC., was at all material times hereto, a Georgia Corporation, with its principal place of business in Watkinsville, Georgia, and engaged in the operation of a pet grooming and boarding facility.

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125; 28 U.S.C. §§ 1331, 1338(a), and 2201, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq, and because the allegations herein demonstrate that there is a substantial case or controversy between the parties to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

7. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 and Fla. Stat. § 48.193 because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this District.

**GENERAL ALLEGATIONS**

8. On or about February 6, 2024, MUTTY PAWS, INC. alleged in a letter from their attorney that MUTTY PAWS RESCUE INC. ("MUTTY PAWS RESCUE") and MUTTY PAWS RESCUE GEORGIA INC. ("MUTTY PAWS RESCUE GEORGIA") are in violation of US trademark laws and other unfair competition laws including but not limited to the Lanham Act (15 U.S.C. § 1051 *et seq*) and that the use of "MUTTY PAWS" has and is likely to continue to lead

the public to believe that the Plaintiffs' services are licensed by, sponsored by, or otherwise affiliated with MUTTY PAWS, INC.

9. MUTT PAWS, INC. has alleged infringement of U.S. Trademark No. 5074389 and pending U.S. Serial Number 98/370955. These marks were filed in Class 43 for "Boarding for animals; Kennel services, namely, boarding for pets; Pet boarding services; Pet day care services; Pet hotel services."

10. U.S. Serial No. 98/370955 has the following stylized logo:



11. MUTTY PAWS RESCUE has been operating without issue as an animal rescue since 2019.

12. MUTTY PAWS RESCUE has been extremely active, including online since its operations commenced in 2019.

13. MUTTY PAWS RESCUE GEORGIA was founded on October 25, 2023 as an animal rescue.

14. MUTTY PAWS RESCUE uses its name "MUTTY PAWS RESCUE" and it's associated logo continuously since 2019: 

15. MUTTY PAWS RESCUE and MUTTY PAWS RESCUE GEORGIA have developed a distinctive presence in the marketplace through continuous and exclusive use of their respective names and logos since their inception. This use has been non-infringing and in good faith, aimed at promoting animal welfare and rescue operations. The names and logos have

acquired secondary meaning associated exclusively with Plaintiffs' services in the minds of the consuming public. The distinctiveness and secondary meaning of Plaintiffs' marks serve to further eliminate any potential confusion with Defendant's services and trademarks.

16. Despite the coexistence of Plaintiffs' and Defendant's marks unrelated and distinct fields of service, there has been no evidence of actual confusion among consumers.

17. Plaintiffs have conducted their operations with clear and distinct branding and messaging that differentiates their services from those offered by Defendant. The absence of actual confusion further supports the claim that Plaintiffs' use of their marks does not infringe upon Defendant's trademarks or create a likelihood of confusion in the marketplace.

18. The facts and conduct alleged herein, considering the totality of the circumstances, demonstrates that there is a substantial case or controversy between the parties, which is now of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

19. Because the Defendant alleges infringement of the Plaintiffs names, the Plaintiffs ability to continue to serve their mission, including that of rehabilitating and providing medical treatment for animals on death row in Palm Beach County and surrounding areas, has been prejudiced given their fear and apprehension of being sued by the Defendant.

20. Because this Complaint seeks a declaration of rights concerning use of the MUTTY PAWS RESCUE brand in U.S. commerce, there is a strong public interest in this Court rendering the requested declaratory relief to establish the rights of the parties and confirm that consumer confusion is not likely to occur as MUTTY PAWS RESCUE does not operate in any way under Class 43 for boarding for animals, kennel services, pet day care services; and pet hotel services.

21. While MUTTY PAWS, INC. operates as a for profit business directed to members of the public that have dogs needing grooming and kennel services, Plaintiffs operate a non-profit

business aimed as placing animals with those that are in search of a dog—thus, not folks seeking grooming or boarding of dogs.

22. Specifically, there is no likelihood of confusion, no infringement and no unfair competition under federal or any state law arising from the Plaintiffs' use of the MUTTY PAWS RESCUE or MUTTY PAWS RESCUE GEORGIA mark or logo because, among other reasons, the MUTTY PAWS RESCUE and MUTTY PAWS RESCUE GEORGIA operate in a different class of goods, to a different target audience and market. Yet further, the use of "MUTTY PAWS RESCUE" and "MUTTY PAWS RESCUE GEORGIA" are sufficiently distinct to avoid confusion among respective audiences. They further seek different consumer segments, with distinct goals—rescuing an animal versus grooming an existing family pet.

23. The operational focus of MUTTY PAWS, INC. is on providing a commercially profitable service to pet owners, rather than on the rescue, rehabilitation, and rehoming of animals in need.

24. Plaintiffs' activities are inherently non-commercial and philanthropic, aimed at addressing the needs of animals in distress and finding them permanent homes, while Defendant's activities are commercial, serving pet owners with a need for temporary care services. This distinction in operational focus and target audience significantly mitigates any potential for confusion among the consuming public regarding the services offered by Plaintiffs and Defendant.

25. The facts and arguments presented herein demonstrate that Plaintiffs, MUTTY PAWS RESCUE INC. and MUTTY PAWS RESCUE GEORGIA INC., have operated within the bounds of trademark law, with a clear distinction in services and target markets from those of Defendant, MUTTY PAWS, INC. The relief sought in this Complaint is necessary to protect Plaintiffs' rights and interests in their marks and to prevent the unwarranted claims of infringement by Defendant. Plaintiffs respectfully request that the Court grant the declaratory judgments sought,

affirming their right to use their marks free from claims of infringement, confusion, or unfair competition by Defendant.

26. MUTTY PAWS, INC. has not been and are not likely to be damaged by Plaintiffs' conduct.

27. MUTTY PAWS RESCUE and MUTTY PAWS RESCUE GEORGIA are entitled to a declaratory judgment under the Lanham Act 15 U.S.C. § 1051 *et seq*., that its use of MUTTY PAWS RESCUE and MUTTY PAWS RESCUE GEORGIA do not infringe on Defendant's claimed trademark(s) related to rights in MUTTY PAWS.

**WHEREFORE**, MUTTY PAWS RESCUE and MUTTY PAWS RESCUE GEORGIA respectfully requests that this Court enter judgment as follows:

a. declaring that the plaintiffs do not infringe any of the Defendant's trademarks under under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and other applicable federal law;

b. declaring that confusion, mistake or deception is not likely to result from MUTTY PAWS RESCUE, INC.'s continued use MUTTY PAWS RESCUE marks;

c. declaring that confusion, mistake or deception is not likely to result from MUTTY PAWS RESCUE, INC.'s continued use of the MUTTY PAWS RESCUE marks;

d. declaring that any confusion is barred by laches;

e. declaring that the Defendant is barred by the Statute of Limitations;

f. awarding Plaintiffs its attorneys' fees, costs, and other expenses, including as an exceptional case under 15 U.S.C. § 1117 and other applicable federal law; and

a. granting such other relief deemed just and proper under the totality of the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, MUTTY PAWS RESCUE INC. and MUTTY PAWS RESCUE GEORGIA INC., demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

Dated: February 18, 2024

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker Law ®
800 SE 3rd Avenue, Suite 300
Fort Lauderdale, FL 33316
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
Matt@TuckerUp.com
*Attorney for Plaintiffs*